9680.

THE STATE EX REL. J. L. GOODWIN VS. THE JUDGES OF THE COURT
OF APPEALS, SECOND CIRCUIT.

When a plea to the jurisdiction *ratione personæ* has been filed in the District Court and referred to and tried with the merits, and judgment has been rendered sustaining the plea and dismissing the demand, the party injured has the right to appeal from such judgment to the proper appellate tribunal. Such appeal vests the latter with full jurisdiction over the case and over all questions of law and fact involved therein, including that of the jurisdiction of the District Court. In determining such question and reversing the judgment appealed from, the judges of said court do not transcend the bounds of their jurisdiction, and the application for the writ of prohibition has no foundation.

 PPLICATION for prohibition.

*C. J.* and *J. S. Boatner,* for the Relators.

*Millsaps & Sholars,* for the Respondents.

The opinion of the Court was delivered by

FENNER, J. Relator alleges that in a certain attachment suit pending in the parish of Ouachita, he, a resident of the parish of Jackson, was served with interrogatories as garnishee; that he filed his answers to the same denying indebtedness; that, thereupon, the plaintiff filed a rule traversing his answers which was served on him; that he pleaded to the jurisdiction of the court, *ratione personæ,* on account of his residence beyond the jurisdiction of the court and right to be sued at his domicile; that the plea was referred to and tried with the merits and, after hearing, the District Judge sustained the plea; that plaintiff took an appeal to the Circuit Court, which, after hearing, reversed the judgment of the District Court, overruled the plea to the jurisdiction, and gave judgment on the merits against relator.

We omit other allegations touching the existence of the writ of attachment, because they involve questions of fact not touching the jurisdiction.

There is no charge that the case, in its nature and amount, was unappealable, or that it was appealable to any other court than the Court of Appeals for the Second Circuit, or that it was not appealable to said court. Hence the Circuit Court's jurisdiction over the case and over all questions of law and fact involved therein, was perfect and complete, and, in determining them, it did not transcend the bounds of its jurisdiction.

There is, therefore, no foundation for the writ of prohibition applied for.

It is, therefore, ordered that the restraining order herein granted be set aside, and that the writ of prohibition be denied.